B1 (Official Form 1) (01/08)

| United States Bankruptcy Court<br>Central District of California, Los Angeles Division | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Ramirez, Derek** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names Used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>NONE | All Other Names Used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): 6892 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>9019 Baring Cross Street<br><br>Los Angeles , CA                    90044 | Street Address of Joint Debtor (No. and Street, City, and State): |
| County of Residence or of the Principal Place of Business:<br>Los Angeles | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor (if different from street address above): | |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- ☒ Individual (includes Joint Debtors)
  See Exhibit D on page 2 of this form.
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Tax-Exempt Entity**
(Check box, if applicable.)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- ☐ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☒ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

- ☒ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☐ Debts are primarily business debts.

**Filing Fee** (Check one box.)

- ☒ Full Filing Fee attached.
- ☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

FILED
DEC 26 2008
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

B1 (Official Form 1) (01/08)

Page 2

| **Voluntary Petition**<br>(This page must be completed and filed in every case) | Name of Debtor(s):   Derek Ramirez | |
|---|---|---|
| **All Prior Bankruptcy Case Filed Within Last 8 Years (If more than two, attach additional sheet.)** | | |
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet.)** | | |
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐  Exhibit A is attached and made a part of this petition. | X _____<br>     Signature of Attorney                    Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

☒  No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☒  Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐  Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**

(Check any applicable box.)

☒  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**

(Check all applicable boxes.)

☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____

(Name of landlord that obtained judgment)

_____

(Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgement for possession was entered, and

☐  Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (01/08)

Page 3

| Voluntary Petition<br>(This page must be completed and filed in every case) | Name of Debtor(s):   Derek Ramirez |
|---|---|

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by § 342(b) of the Bankruptcy Code.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _Derek Ramirez_
  Derek Ramirez

X _____
  Signature of Joint Debtor

  Telephone Number (If not represented by attorney)
  _12/26/08_
  Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

[ ] I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by § 1515 of title 11 are attached.

[ ] Pursuant to § 1511 of title 11, United States Code, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
  (Signature of Foreign Representative)

  _____
  (Printed Name of Foreign Representative)

  _____
  Date

**Signature of Attorney***

X _____
  Signature of Attorney

  _____
  Printed Name of Attorney for Debtor(s)

  _____
  Firm Name

  _____
  Address

  _____
  Telephone Number

  _____
  Date

* In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notice and information required under 11 U.S.C. 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

  _____
  Printed Name and title, if any, of Bankruptcy Petition Preparer

  Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

  _____
  Address

X _____

  _____
  Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
  Signature of Authorized Individual

  _____
  Printed Name of Authorized Individual

  _____
  Title of Authorized Individual

  _____
  Date

B 1D (Official Form 1, Exhibit D (12/08)

# UNITED STATES BANKRUPTCY COURT

## Central District of California, Los Angeles Division

In Re: _____ Derek Ramirez _____    Case No. _____
                          **Debtor**                                                          (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.

☒   1. Within the 180 days before the filing of my bankruptcy case, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.

☐   2. Within the 180 days before the filing of my bankruptcy case, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.

B 1D (Official Form 1, Exh. D)(12/08) - Cont.

☐   3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. [Must be accompanied by a motion for determination by the court.][Summarize exigent circumstances here.]

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

☐   4. I am not required to receive a credit counseling briefing because of: [Check the applicable statement.][Must be accompanied by a motion for determination by the court.]

☐   Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐   Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐   Active military duty in a military combat zone.

☐   5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Derek Ramirez    _Derek Ramirez_

Date: _12/24/08_

Certificate Number: 00991-CAC-CC-099534625

# CERTIFICATE OF COUNSELING

I CERTIFY that on December 26, 2008 _____, at 8:44 _____ o'clock AM PDT _____.

Derek Ramirez _____ _____ received from

Credit Advisors Foundation _____.

an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the

Central District of California _____, an individual [or group] briefing that complied

with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan was not prepared _____. If a debt repayment plan was prepared, a copy of

the debt repayment plan is attached to this certificate.

This counseling session was conducted by internet _____.


Date: December 26, 2008 _____    By    s Amanda Hunter _____

Name    Amanda Hunter

Title    Bankruptcy Program Manager


* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy
Code are required to file with the United States Bankruptcy Court a completed certificate of
counseling from the nonprofit budget and credit counseling agency that provided the individual
the counseling services and a copy of the debt repayment plan, if any, developed through the
credit counseling agency. See 11 U.S.C. §§ 109(h) and 521(b).

# STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1.  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows:  (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof.  If none, so indicate.  Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

    NONE

2.  (If petitioner is a partnership or joint venture)  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows:  (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof.  If none, so indicate.  Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

    NONE

3.  (If petitioner is a corporation)  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows:  (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof.  If none, so indicate.  Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

    NONE

4.  (If petitioner is an individual)  A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days:  (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof.  If none, so indicate.  Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

    NONE

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at Los Angeles _____, California.     _Derek Ramirez_
                                                          *Debtor*

Dated  12/16/08 _____                          _____
                                                          *Joint Debtor*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised May 2004

# F 1015-2.1

B 201 - Notice of Available Chapters (Rev. 04/06)            USBC, Central District of California

Name: Derek Ramirez

Address: _____

_____

Telephone: _____    Fax: _____

☐ Attorney for Debtor

☒ Debtor in Pro Per

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

List all names including trade names, used by    Case No.:
Debtor(s) within last 8 years:

Derek Ramirez

# NOTICE OF AVAILABLE CHAPTERS

(Notice to Individual Consumer Debtor Under § 342(b) of the Bankruptcy Code)

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

1. <u>Services Available from Credit Counseling Agencies</u>

With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis. The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge. The clerk also has a list of approved financial management instructional courses.

2. <u>The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors</u>

<u>Chapter 7</u>: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

B 201 - Notice of Available Chapters (Rev. 04/06)                                    USBC, Central District of California

2.  Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3.  The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4.  Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)**

1.  Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in instalments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2.  Under chapter 13, you must file with the court  a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors.  The court must approve your plan before it can take effect.

3.  After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

**3.  Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both.  All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition.  Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

B 201 - Notice of Available Chapters (Rev. 04/06)

## Certificate of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

Printed Name and title, if any, of Bankruptcy Petition Preparer
Address:

X _____

Signature of Bankruptcy Petition Preparer or officer,
principal, responsible person, or partner whose Social
Security number is provided above.

Social Security number (If the bankruptcy petition
preparer is not an individual, state the Social Security
number of the officer, principal, responsible person, or
partner of the bankruptcy petition preparer.) (Required
by 11 U.S.C. § 110.)

## Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

Derek Ramirez
Printed Name(s) of Debtor(s)

X  Derek Ramirez      12/26/08
Signature of Debtor          Date

Case No. (if known) _____

X _____
Signature of Joint Debtor (if any)          Date

B6 Summary (Official Form 6 - Summary) (12/07)

# UNITED STATES BANKRUPTCY COURT
## Central District of California, Los Angeles Division

In Re: _____ Derek Ramirez _____          Case No. _____

**Debtor**                                                   (if known)

                                                   Chapter              13

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $321,600.00 | | |
| B - Personal Property | Yes | 5 | $3,800.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $321,600.00 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 2 | | 0 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | 0 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $5,967.38 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $3,708.00 |
| TOTAL | | 15 | $325,400.00 | $321,600.00 | |

Form 6 - Statistical Summary (12/07)

# UNITED STATES BANKRUPTCY COURT
## Central District of California, Los Angeles Division

| In Re: | Derek Ramirez | Case No. | |
|---|---|---|---|
| | **Debtor** | | (if known) |
| | | Chapter | 13 |

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E)(whether disputed or undisputed) | 0 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | 0 |
| Student Loan Obligations (from Schedule F) | 0 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0 |
| TOTAL | 0 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 5,967.38 |
| Average Expenses (from Schedule J, Line 18) | 3,708.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20) | $5967.38 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" COLUMN | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | 0 | |
| 3. Total from Schedule F, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column. | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $0.00 |

Official Form 6A (12/07)

In Re: _____Derek Ramirez_____    Case No. _____
                          **Debtor**                                              (if known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint or Community". If the debtor holds no interest in real property, write "None" under "Description and Location of Property".

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim".

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property Without Deducting Any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| Real Estate<br>6782 California Avenue<br>Long Beach CA 90805 | Fee simple | H | 321,600.00 | |
| | | | Total | $321,600.00 |

Official Form 6B (12/07)

In Re: _____ Derek Ramirez _____    Case No. _____
                                   **Debtor**                                                    (if known)

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None". If additional space is needed in any category, attach a separate sheet properly identified with the same case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint or Community". If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state the person's name and address under "Description and Location of Property". If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | X | Cash | J | 1,100 |
| 2. Checking, savings or other financial accounts, CD's, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses or cooperatives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | Furniture, Electronics . | | 2,700 |

Official Form 6B (12/07)

In Re: _____Derek Ramirez_____                    Case No. _____
　　　　　　　　　　**Debtor**                                          (if known)

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|---|
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. | X | | | |
| 12. Interest in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |

Official Form 6B (12/07)

In Re: _____ Derek Ramirez _____     Case No. _____
                  **Debtor**                                  (if known)

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|---|
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in real estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

**Official Form 6B (12/07)**

In Re: _____ Derek Ramirez _____   Case No. _____
_____ **Debtor** _____   _____ (if known)

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|---|
| 21. Other contingent or unliquidated claims of every nature, including tax refunds, counter-claims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations contain-ing personally identifiable information provided to the debtor by individuals in connection with obtaining a product or service from the debtor pri-marily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |

**Official Form 6B (12/07)**

In Re: _____Derek Ramirez_____   Case No. _____
               **Debtor**                                    (if known)

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|---|
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | Total | |

**Official Form 6C (12/07)**

In Re: _____Derek Ramirez_____     Case No. _____
                      **Debtor**                                           (if known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☐ Check if debtor claims a homestead exemption that exceeds $136,875.

☒ 11 U.S.C. § 522(b)(2)
☐ 11 U.S.C. § 522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| | | | |

Official Form 6D (12/07)

In Re: _____Derek Ramirez_____     Case No. _____
            **Debtor**                                    (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of the filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including Zip Code | Codebtor | Husband, Wife, Joint, or Community | Date Claim was Incurred, Nature of Lien, and Description and Value of Property Subject to Lien | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|---|
| 1229<br><br>T D Service Company<br>1820 E First Street Suite 210<br>Santa Ana CA 92705 | | H | 6/2005<br><br><br><br>VALUE $ | X | | | 321,600 | |
| | | | <br><br><br>VALUE $ | | | | | |
| | | | <br><br><br>VALUE $ | | | | | |
| | | | Subtotal<br>(Total of this page) | | | | $321,600.00 | $0.00 |
| | | | Total<br>(Use only on last page) | | | | $321,600.00 | |
| | | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

__0__  continuation sheets attached

Official Form 6E (12/07)

In Re: _____Derek Ramirez_____     Case No. _____
                          **Debtor**                                    (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entitires holding priority claims against the debtor or the property of the debtor, as of the date of the filing of this petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 or 13 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☒  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**     (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐  **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occured first, to the extend provided in 11 U.S.C. § 507(a)(4).

☐  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

**Official Form 6E (12/07)**

In Re: _____Derek Ramirez_____     Case No. _____

**Debtor**

(if known)

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,400* per farmer of fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,425* deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTR, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

____ continuation sheets attached

Official Form 6F (12/07)

In Re: _____ Derek Ramirez _____    Case No. _____
    **Debtor**    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts filing a case under chapter 7, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☒  Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| Creditor's Name and Mailing Address Including Zip Code, and Account Number | Codebtor | Husband, Wife, Joint, or Community | Date Claim was Incurred and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account Number: | | | | | | | |
| Account Number: | | | | | | | |
| Account Number: | | | | | | | |
| Account Number: | | | | | | | |
| | | | | | | Subtotal | |
| _____ continuation sheets attached | | | Total (Use only on last sheet of the completed Schedule F.) (Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | | | |

Official Form 6G (12/07)

In Re: _____ Derek Ramirez _____          Case No. _____
                        **Debtor**                                            (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

☒   Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State Whether Lease is for Nonresidential Real Property. State Contract Number of Any Government Contract |
|---|---|
|  |  |

**Official Form 6H (12/07)**

In Re: _____Derek Ramirez_____          Case No. _____
                        **Debtor**                                              (if known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See. 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

☒   Check this box if debtor has no codebtors.

| Name and Mailing Address of Codebtor | Name and Mailing Address of Creditor |
|---|---|
|  |  |

Official Form 61 (12/07)

In Re: _____Derek Ramirez_____  Case No. _____
                    **Debtor**                                          (if known)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: Unmarried | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| | RELATIONSHIP | Daughter | AGE | 9 |
| | | Daughter | | 4 |
| | | Son | | 5 |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Owner | |
| Name of Employer | Lanos Landscaping | |
| How Long Employed | 9 Months | |
| Address of Employer | 1134 E Century Blvd Los Angeles CA 90002 | |

**Income:** (Estimate of average monthly income)

| | | | | | |
|---|---|---|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ | 5967.38 | $ | | |
| 2. Estimated monthly overtime | $ | 0 | $ | | |
| 3. SUBTOTAL | $ | 5,967.38 | $ | 0.00 | |
| 4. LESS PAYROLL DEDUCTIONS | | | | | |
| a. Payroll taxes and social security | $ | 0 | $ | | |
| b. Insurance | $ | 0 | $ | | |
| c. Union dues | $ | 0 | $ | | |
| d. Other (Specify): | $ | 0 | $ | | |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 0.00 | $ | 0.00 | |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 5,967.38 | $ | 0.00 | |
| 7. Regular income from operation of business or profession or firm (Attach detailed statement) | $ | 0 | $ | | |
| 8. Income from real property | $ | 0 | $ | | |
| 9. Interest and dividends | $ | 0 | $ | | |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | 0 | $ | | |
| 11. Social security or other government assistance (Specify): | $ | 0 | $ | | |
| 12. Pension or retirement income | $ | 0 | $ | | |
| 13. Other monthly income Specify: | $ | 0 | $ | | |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 0.00 | $ | 0.00 | |
| 15. TOTAL MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 5,967.38 | $ | 0.00 | |
| 16. TOTAL COMBINED MONTHLY INCOME  $  5,967.38 | | | | | |

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
NONE

Official Form 6J (12/07)

In Re: _____Derek Ramirez_____   Case No. _____
           **Debtor**                                        (if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse".

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 2.587 |
|     a. Are real estate taxes included?  ☐ Yes  ☒ No | | |
|     b. Is property insurance included?  ☐ Yes  ☒ No | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 80 |
|     b. Water and sewer | $ | 60 |
|     c. Telephone | $ | 60 |
|     d. Other | $ | 0 |
| 3. Home maintenance (repairs and upkeep) | $ | 0 |
| 4. Food | $ | 200 |
| 5. Clothing | $ | 0 |
| 6. Laundry and dry cleaning | $ | 0 |
| 7. Medical and dental expenses | $ | 0 |
| 8. Transportation (not including car payments) | $ | 207 |
| 9. Recreation, clubs and entertainment, newspapers, magazines | $ | 0 |
| 10. Charitable contributions | $ | 0 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|     a. Homeowner's or renters | $ | 70 |
|     b. Life | $ | 0 |
|     c. Health | $ | 0 |
|     d. Auto | $ | 164 |
|     e. Other | $ | 0 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | $ | 280 |
|     Specify: | | |
| 13. Installment payments: (In chapter 11, 12 or 13 cases, do not list payments to be included in the plan) | | |
|     a. Auto | $ | 0 |
|     b. Other | $ | 0 |
|     c. Other | $ | 0 |
| 14. Alimony, maintenance, and support paid to others | $ | 0 |
| 15. Payments for support of additional dependents not living at your home | $ | 0 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0 |
| 17. Other | $ | 0 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17.) | $ | 3,708.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document: NONE

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a. Average monthly income from Line 15 of Schedule I | $ | 5,967.38 |
| b. Average monthly expenses from Line 18 above | $ | 3,708.00 |
| c. Monthly net income (a. minus b.) | $ | 2,259.38 |

In Re: _____     Case No. _____
                Derek Ramirez
                    **Debtor**                                              (if known)

# DECLARATION CONCERNING DEBTOR(S) SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___ sheets (total shown on summary page plus 2), and that they are true and correct to the best of my knowledge, information, and belief.

_____*12/26/08*_____                          _____*Derek Ramirez*_____
          Date                                                   **Derek Ramirez**


_____                          _____
          Date                                          **Signature of Joint Debtor**

* * * * * *

### DECLARATION AND SIGNATURE OF BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required under that section; and (4) I will not accept any additional money or other property from the debtor before the filing fee is paid in full.

_____                 _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer      Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person or partner who signs this document.*

_____

_____
Address

X _____                 _____
Signature of Bankruptcy Petition Preparer                           Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*
*A bankruptcy petition preparer's failure to comply with the provisions of Title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.    11 U.S.C. § 110; 18 U.S.C. § 156.*

* * * * * *

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, _____ named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary of schedules, consisting of ___ sheets (total shown on summary page plus 1), and that the are true and correct to the best of my knowledge, information, and belief.

_____                          _____
          Date                                          **Signature of Authorized Individual**

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. § 152 and 3571.

B7(Official Form 7)(12/07)

FORM 7. STATEMENT OF FINANCIAL AFFAIRS

# UNITED STATES BANKRUPTCY COURT
## Central District of California, Los Angeles Division

In Re: _____Derek Ramirez_____    Case No. _____

**Debtor**    (if known)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfer and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25.    **If the answer to an applicable question is "None", mark the box labeled "None".** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

None ☒    **1. Income from employment or operation of business**

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Amount | Source |
|--------|--------|
| 5,967.38 | INCOME |

**2. Income other than from employment or operation of business**

None ☒    State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

     Amount                  Source

**3. Payments to creditors**

None ☒    a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, [except for a debt on account of a domestic support obligation,] made within 90 days immediately preceding the commencement of this case. Indicate with an * any payments that were made to the creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Creditor | Dates of Payments | Amount Paid | Amount Still Owing |
|---|---|---|---|

None ☒    b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counselig agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Name and Address of Creditor | Dates of Payments/ Transfers | Amount Paid or Value of Transfers | Amount Still Owing |
|---|---|---|---|

None   ☒   c. All debtors. List all payment made within one year immediately preceding the commencement of this case
to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or
chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless
the spouses are separated and a joint petition is not filed.)

| Name and Address of Creditor and Relationship to Debtor | Date of Payment | Amount Paid | Amount Still Owing |
|---|---|---|---|

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None   ☒   a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately
preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include
information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are
separated and a joint petition is not filed.)

| Caption of Suit and Case Number | Nature of Proceeding | Court or Agency and Location | Status or Disposition |
|---|---|---|---|

None ☒    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Person for Whose Benefit Property was Seized | Date of Seizure | Description and Value of Property |
|---|---|---|

### 5. Repossessions, foreclosures and returns

None ☒    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Creditor or Seller | Date of Repossession, Foreclosure Sale, Transfer or Return | Description and Value of Property |
|---|---|---|

### 6. Assignments and receiverships

None  ☒   a.  Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the
commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment
by either or both spouses whether or not a joint petition is filed. unless the spouses are separated and a joint
petition is not filed.)

| Name and Address of Assignee | Date of Assignment | Terms of Assignment or Settlement |
|---|---|---|

None  ☒   b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year
immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13
must include information concerning property of either or both spouses whether or not a joint petition is filed,
unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Custodian | Name and Location of Court Case Title & Number | Date of Order | Description and Value of Property |
|---|---|---|---|

### 7. Gifts

None ☒ List all gifts or charitable contributions made within one year immediately preceding the commencement of this case
except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member
and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or
chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless
the spouses are separated and a joint petition is not filed.)

| Name and Address of Person or Organization | Relationship to Debtor, if any | Date of Gift | Description and Value of Gift |
|---|---|---|---|

### 8. Losses

None ☒ List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement
of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must
include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a
joint petition is not filed.)

| Description and Value of Property | Description of Circumstances and, if Loss was Covered in Whole or in Part by Insurance. Give Particulars. | Date of Loss |
|---|---|---|

### 9. Payments related to debt counseling or bankruptcy

None ☒ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for
consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy
within one year immediately preceding the commencement of this case.

| Name and Address of Payee | Date of Payment, Name of Payor if other than Debtor | Amount of Money or Description and Value of Property |
|---|---|---|

### 10. Other transfers

None ☒   a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Transferee, Relationship to Debtor | Date | Describe Property Transferred and Value Received |
| --- | --- | --- |

None ☒   b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| Name of Trust or Other Device | Date(s) of Transfer(s) | Amount of Money or Description and Value of Property or Debtor's Interest in Property |
| --- | --- | --- |

### 11. Closed financial accounts

None ☒   List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Institution | Type of Account, Last Four Digits of Account Number, and Amount of Final Balance | Amount and Date of Sale or Closing |
| --- | --- | --- |

**12. Safe deposit boxes**

None  ☒    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables
within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or
chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless
the spouses are separated and a joint petition is not filed.

| Name and Address of Bank or Other Depository | Names and Addresses of those with Access to Box or Depository | Description of Contents | Date of Transfer or Surrender, if any |
|---|---|---|---|

**13. Setoffs**

None  ☒    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding
the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information
concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint
petition is not filed.)

| Name and Address of Creditor | Date of Setoff | Amount of Setoff |
|---|---|---|

**14. Property held for another person**

None  ☒    List all property owned by another person that the debtor holds or controls.

| Name and Address of Owner | Description and Value of Property | Location of Property |
|---|---|---|

**15. Prior address of debtor**

None ☒   If the debtor has moved within the three years immediately preceding the commencement of this case, list all premises
which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is
filed, report also any separate address of either spouse.

Address                                          Name Used                                          Dates of Occupancy

**16. Spouses and former spouses**

None ☒   If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona,
California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-
year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of
any former spouse who resides or resided with the debtor in the community property state.

Name

## 17. Environmental information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None    ☒    a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

| Site Name and Address | Name and Address of Governmental Unit | Date of Notice | Environmental Law |
|---|---|---|---|

None    ☒    b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| Site Name and Address | Name and Address of Governmental Unit | Date of Notice | Environmental Law |
|---|---|---|---|

None    ☒    c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| Name and Address of Governmental Unit | Docket Number | Status or Disposition |
|---|---|---|

**18. Nature, location and name of business**

None    ☒    a.  If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was a self-employed in a trade, profession, or other activity either full- or part-time within the six-years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

| Name, Address, Last Four Digits of Soc. Sec. No. Complete EIN or Other Taxpayer I.D. No. | Nature of Business | Beginning and Ending Dates |
|---|---|---|

None    ☒    b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| Name | Address |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the six years immediately preceding the commencement of this case, any of the following: an officer, directory, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)

### 19. Books, records and financial statements

None   ☒   a. List all bookkeepers and accountants who within the two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

Name and Address                                                                              Dates Services Rendered

None   ☒   b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of this debtor.

Name and Address                                                                              Dates Services Rendered

None   ☒   c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

Name and Address

None   ☒   d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

Name and Address                                                                              Date Issued

### 20. Inventories

None ☒   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking
of each inventory, and the dollar amount and basis of each inventory.

| Date of Inventory | Inventory Supervisor | Amount of Inventory (Specify cost, market or other basis) |
|---|---|---|

None ☒   b. List the name and address of the person having possession of the records of each of the two inventories
reported in a., above.

| Date of Inventory | Name and Address of Custodian of Inventory Records |
|---|---|

### 21. Current Partners, Officers, Directors and Shareholders

None ☒   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the
partnership.

| Name and Address | Nature of Interest | Percentage of Interest |
|---|---|---|

None ☒   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly
or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

| Name and Address | Title | Nature and Percentage of Stock Ownership |
|---|---|---|

**22. Former partners, officers, directors and shareholders**

None    ☒    a.  If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately
preceding the commencement of this case.

Name and Address                                                                                        Date of Withdrawal

None    ☒    b.  If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated
within one year immediately preceding the commencement of this case.

Name and Address                                         Title                                          Date of Termination

**23. Withdrawals from a partnership or distributions by a corporation**

None    ☒    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider
including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during
one year immediately preceding the commencement of this case.

Name and Address of Recipient,                                                                          Amount of Money
Relationship to Debtor                                   Date and Purpose of Withdrawal                 and Value of Property

**24. Tax consolidation group**

None    ☒    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any
consolidated group for tax purposes of which the debtor has been a member at any time within the six-year period
immediately preceding the commencement of this case.

Name of Parent Corporation                                                                              Taxpayer Identification Number

**25. Pension funds**

None    ☒    If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to
which the debtor, as an employer, has been responsible for contributing at any time within the six-year period
immediately preceding the commencement of this case.

Name of Pension Fund                                                                                    Taxpayer Identification Number

Statement of Financial Affairs (Form 7) - Page 14 - (Rev. 12/07)                    2007 USBC, Central District of California

*[if completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date ___12/26/08___      Signature ___Derek Ramirez___
                                    Debtor

Date _____      Signature _____
                                    Joint Debtor (if any)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

*[if completed on behalf of a partnership or corporation]*

I, declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _____      Signature _____


                                    Print Name and Title

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

_____ continuation sheets added

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U.S.C. §§ 152 and 3571*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER
### (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.


_____      _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer      Complete Social Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*


_____

_____
Address


_____      _____
Signature of Bankruptcy Petition Preparer                          Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document if the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

***A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.***

February 2006                                                2006 USBC Central District of California

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| In re<br>Derek Ramirez                             Debtor(s). | CHAPTER:<br><br>CASE NO.: |

# DEBTOR'S CERTIFICATION OF EMPLOYMENT INCOME
# PURSUANT TO 11 U.S.C. § 521(a)(1)(B)(iv)

Please fill out the following blank(s) and check the box next to <u>one</u> of the following statements:

I, _Derek Ramirez_____, the debtor in this case, declare under penalty
      *(Print Name of Debtor)*

of perjury under the laws of the United States of America that:

☐   I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the 60-day period prior to the date of the filing of my bankruptcy petition.
    *(NOTE: the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.)*

☒   I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received no payment from any other employer.

☐   I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.

I, _____, the debtor in this case, declare under penalty of
      *(Print Name of Joint Debtor, if any)*

perjury under the laws of the United States of America that:

☐   I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the 60-day period prior to the date of the filing of my bankruptcy petition.
    *(NOTE: the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.)*

☐   I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received no payment from any other employer.

☐   I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.

Date _12/26/08_____  Signature _Derek Ramirez_____
                                                    *Debtor*

Date _____  Signature _____
                                                    *Joint Debtor (if any)*

B 22C (Official Form 22C)(Chapter 13)(01/08)

In re   Derek Ramirez
                Debtor(s)

Case Number: _____
                (If known)

| According to the calculations required by this statement: |
| --- |
| ☐ **The applicable commitment period is 3 years.** |
| ☒ **The applicable commitment period is 5 years.** |
| ☐ **Disposable income is determined under § 1325(b)(3).** |
| ☒ **Disposable income is not determined under § 1325(b)(3).** |
| (Check the boxes as directed in Lines 17 and 23 of this statement.) |

## CHAPTER 13 STATEMENT OF CURRENT MONTHLY INCOME
## AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME

In addition to Schedule I and J, this statement must be completed by every individual Chapter 13 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| | Part I. REPORT OF INCOME | | |
| --- | --- | --- | --- |
| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed. a. ☒ Unmarried. Complete only Column A ("Debtor's Income") for Lines 2-10. b. ☐ Married. Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10. | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A** Debtor's Income | **Column B** Spouse's Income |
| 2 | Gross wages, salary, tips, bonuses, overtime, commissions. | 5,967.38 | |
| 3 | Income from the operation of a business, profession, or farm. Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. Do not include any part of the business expenses entered on Line b as a deduction in Part IV. <br><table><tr><td>a.</td><td>Gross receipts</td><td></td></tr><tr><td>b.</td><td>Ordinary and necessary business expenses</td><td></td></tr><tr><td>c.</td><td>Business income</td><td>Subtract Line b from Line a</td></tr></table> | 0 | |
| 4 | Rent and other real property income. Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. Do not include any part of the operating expenses entered on Line b as a deduction in Part IV. <br><table><tr><td>a.</td><td>Gross receipts</td><td></td></tr><tr><td>b.</td><td>Ordinary and necessary operating expenses</td><td></td></tr><tr><td>c.</td><td>Rent and other real property income</td><td>Subtract Line b from Line a</td></tr></table> | 0 | |
| 5 | Interests, dividends, and royalties. | 0 | |
| 6 | Pension and retirement income. | 0 | |
| 7 | Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose. Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse. | 0 | |
| 8 | Unemployment compensation. Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below: <br><table><tr><td>Unemployment compensation claimed to be a benefit under the Social Security Act</td><td>Debtor</td><td>Spouse</td></tr></table> | 0 | |

B22C (Official Form 22C)(Chapter 13)(01/08)

| 9 | Income from all other sources. Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. Do not include alimony or separate maintenance payments paid by your spouse, but include all other payments of alimony or separate maintenance. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | 0 | |
| | a. | | | |
| | b. | | | |
| 10 | Subtotal. Add lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | | 5,967.38 | 0.00 |
| 11 | Total. If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | | 5,967.38 | |

## Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| 12 | Enter the amount from Line 11. | 5,967.38 |
|---|---|---|
| 13 | Marital adjustment. If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter on Line 13 the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents and specify, in the lines below, the basis for excluding this income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | 0 |
| | a. | |
| | b. | |
| | b. | |
| | Total and enter on Line 13. | |
| 14 | Subtract Line 13 from Line 12 and enter the result. | 5,967.38 |
| 15 | Annualized current monthly income for § 1325(b)(4). Multiply the amount from Line 14 by the number 12 and enter the result. | 71,608.56 |
| 16 | Applicable median family income. Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.<br>a. Enter the debtor's state of residence: California          b. Enter debtor's household size: 3 | 66,611.00 |
| 17 | Application of § 1325(b)(4). Check the applicable box and proceed as directed.<br>☐ The amount on Line 15 is less than or equal to the amount on Line 16. Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and continue with this statement.<br>☒ The amount on Line 15 is not less than the amount on Line 16. Complete the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with this statement. | |

## Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

| 18 | Enter the amount from Line 11. | 5,967.38 |
|---|---|---|

B22C (Official Form 22C)(Chapter 13)(01/08)

| 19 | Marital adjustment. If you are married, but are not filing jointly with your spouse, enter on Line 19 the total of any income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | 0 |
|---|---|---|

|  | a. | |
|---|---|---|
|  | b. | |
|  | b. | |

Total and enter on Line 19.

| 20 | Current monthly income for § 1325(b)(3). Subtract Line 19 from Line 18 and enter the result. | 5,967.38 |
|---|---|---|
| 21 | Annualized Current Monthly Income for § 707(b)(7). Multiply the amount from Line 12 by the number 12 and enter the result. | 71,608.56 |
| 22 | Applicable median family income. Enter the amount from Line 16. | 66,611.00 |
| 23 | Application of § 1325(b)(3). Check the applicable box and proceed as directed.<br>☒ The amount on Line 21 is more than the amount on Line 22. Check the box for "Disposable income is determined under § 1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement.<br>☐ The amount on Line 21 is not more than the amount on Line 22. Check the box for "Disposable income is not determined under § 1325(b)(3)" at the top of page 1 of this statement and complete Part VII of this statement. Do not complete Parts IV, V, or VI. | |

## Part IV. CALCULATION OF DEDUCTIONS ALLOWED UNDER § 707(b)(2)

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 24A | National Standards: food, apparel and services, housekeeping supplies, personal care, and miscellaneous. Enter in Line 24A the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | 1,331.00 |
|---|---|---|
| 24B | National Standards: health care. Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the number of members of your household who are under 65 years of age, and enter in Line b2 the number of members of your household who are 65 years of age or older. (The total number of members of your household must equal the number stated in Item 16b.) Multiply Line a1 by Line b1 to obtain a total amount for household members under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for household members 65 aned older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 24B. | 2333 |

| Household members under 65 years of age | | | Household members under 65 years of age | | |
|---|---|---|---|---|---|
| a1. | Allowance per member | 1,331.00 | a2. | Allowance per member | 2,587.00 |
| b1. | Number of members | 2,333.00 | b2. | Number of members | 254.00 |
| c1. | Subtotal | 2,333.00 | c2. | Subtotal | |

| 25A | Local Standards: housing and utilities; non-mortgage expenses. Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | 0 |
|---|---|---|

| 25B | Local Standards: housing and utilities; mortgage/rent expense. Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B. Do not enter an amount less than zero. | | 379.00 |
|---|---|---|---|
| | a. | IRS Housing and Utilities Standards; mortgage/rental expenses | 2,333.00 | |
| | b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47 | 2,587.00 | |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a | |

| 26 | Local Standards: housing and utilities; adjustment. If you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | 0 |
|---|---|---|

| 27A | Local Standards: transportation; vehicle operation/public transportation expense. You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.

Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7.   ☐ 0   ☒ 1   ☐ 2 or more.

If you checked 0, enter on Line 27A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 27A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | 194.00 |
|---|---|---|

| 27B | Local Standards: transportation; additional public transportation expense. If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 27B the "Public Transporation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | 0 |
|---|---|---|

| 28 | Local Standards: transportation ownership/lease expense; Vehicle 1. Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)   ☐ 1   ☐ 2 or more.

Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28. Do not enter an amount less than zero. | | 0 |
|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs | 0 | |
| | b. | Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47 | 0 | |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a | |

B22C (Official Form 22C)(Chapter 13)(01/08)

| 29 | Local Standards: transportation ownership/lease expense; Vehicle 2. Complete this Line only if you checked the "2 or more" Box in Line 28. Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, Second Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 29. Do not enter an amount less than zero. | | 0 |
|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs, Second Car | 0 | |
| | b. | Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47 | 0 | |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a | |
| 30 | Other Necessary Expenses: taxes. Enter the total average monthly expenses that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. Do not include real estate or sales taxes. | 0 |
| 31 | Other Necessary Expenses: involuntary deductions for employment. Enter the total average monthly deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. Do not include discretionary amounts, such as voluntary 401(k) contributions. | 4,112.00 |
| 32 | Other Necessary Expenses: life insurance. Enter total average monthly premiums that you actually pay for term life insurance for yourself. Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance. | 0 |
| 33 | Other Necessary Expenses: court-ordered payments. Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. Do not include payments on past due obligations included in Line 49. | 0 |
| 34 | Other Necessary Expenses: education for employment or for a physically or mentally challenged child. Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | 0 |
| 35 | Other Necessary Expenses: childcare. Enter the total average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool. Do not include other educational payments. | 0 |
| 36 | Other Necessary Expenses: health care. Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 24B. Do not include payments for health insurance or health savings accounts listed in Line 39. | 0 |
| 37 | Other Necessary Expenses: telecommunication services. Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service - such as pagers, call waiting, caller id, special long distance, or internet service - to the extent necessary for your health and welfare or that of your dependents. Do not include any amount previously deducted. | 0 |
| 38 | Total Expenses Allowed under IRS Standards. Enter the total of Lines 24 through 37. | 4,112.00 |

**Subpart B: Additional Expense Deductions under § 707(b)**
**Note: Do not include any expenses that you have listed in Lines 24-37**

B 22C (Official Form 22C)(Chapter 13)(01/08)

| | | | | |
|---|---|---|---|---|
| 39 | Health Insurance, Disability Insurance and Health Savings Account Expenses. List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. | | | 0 |
| | a. | Health Insurance | | |
| | b. | Disability Insurance | | |
| | c. | Health Savings Account | | |
| | Total and enter on Line 39<br><br>If you do not actually expend this total amount, state your actual total average monthly expenditures in the space below:<br><br>$ _____ | | | |
| 40 | Continued contributions to the care of household or family members. Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. Do not include payments listed in Line 34. | | | 0 |
| 41 | Protection against family violence. Enter the total average reasonably necessary monthly expenses that you actually incur to maintain the safety of your family under the Family Violence Prevention and Services Act or or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | | | 0 |
| 42 | Home energy costs. Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary. | | | 0 |
| 43 | Education expenses for dependent children under 18. Enter the total average monthly expenses that you actually incur, not to exceed $137.50 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards. | | | 0 |
| 44 | Additional food and clothing expense. Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) You must demonstrate that the additional amount claimed is reasonable and necessary. | | | 0 |
| 45 | Charitable contributions. Enter the total amount reasonably necessary for you to expend each month on charitable contributions in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). Do not include any amount in excess of 15% of your gross monthly income. | | | 0 |
| 46 | Total Additional Expense Deductions under § 707(b). Enter the total of Lines 39 through 45. | | | 0 |

### Subpart C: Deductions for Debt Payment

| | | | | |
|---|---|---|---|---|
| 47 | Future payments of secured claims. For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, and state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list addtional entries on a separate page. Enter the total of the Average Monthly Payments on Line 47. | | | 2,587.00 |

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|
| a. | TD Service Company | 6782 California Avenue, 90805 | 2,587.00 | ☐ yes ☒ no |
| b. | | | | ☐ yes ☐ no |
| c. | | | | ☐ yes ☐ no |
| | | | Total: Add Lines a, b and c | 6782 California Avenue, 90805 |

B 22C (Official Form 22C)(Chapter 13)(01/08)

| 48 | Other payments on secured claims. If any of debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | | |
|---|---|---|---|

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | |
| b. | | | |
| c. | | | |
| | | | Total: Add Lines a, b, and c |

| 49 | Payments on prepetition priority claims. Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. Do not include current obligations, such as those set out in Line 33. | |
|---|---|---|

| 50 | Chapter 13 administrative expenses. Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense. | |
|---|---|---|

| 50 | a. | Projected average monthly Chapter 13 plan payment. | |
|---|---|---|---|
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | |
| | c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b |

| 51 | Total Deductions for Debt Payment. Enter the total of Lines 47 through 50. | |
|---|---|---|

## Subpart D: Total Deductions from Income

| 52 | Total of all deductions from income. Enter the total of Lines 38, 46, and 51. | |
|---|---|---|

## Part V. DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2)

| 53 | Total current monthly income. Enter the amount from Line 20. | 5,967.38 |
|---|---|---|
| 54 | Support income. Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | 0 |
| 55 | Qualified retirement deductions. Enter the monthly total of (a) all amounts withheld by your employer from wages as contributions for qualified retirement plans, as specified in § 541(b)(7) and (b) all required repayments of loans from retirement plans, as specified in § 362(b)(19). | 0 |
| 56 | Total of all deductions allowed under § 707(b)(2). Enter the amount from Line 52. | 0 |

B 22C (Official Form 22C)(Chapter 13)(01/08)

| | | | |
|---|---|---|---|
| 57 | Deduction for special circumstances. If there are special circumstances that justify additional expenses for which there is no reasonable alternative, describe the special circumstances and the resulting expenses in lines a-c below. If necessary, list additional entries on a separate page. Total the expenses and enter the total in Line 57. You must provide your case trustee with documentation of these expenses and you must provide a detailed explanation of the special circumstances that much such expenses necessary and reasonable. | | 0 |

| | Nature of special circumstances | Amount of expense |
|---|---|---|
| a. | | |
| b. | | |
| c. | | |
| | | Total: Add Lines a, b, and c |

| | | |
|---|---|---|
| 58 | Total adjustments to determine disposable income. Add the amounts on Lines 54, 55, 56, and 57 and enter the result. | 0 |
| 59 | Monthly Disposable Income Under § 1325(b)(2). Subtract Line 58 from Line 53 and enter the result. | 5,967.38 |

## Part VII: ADDITIONAL EXPENSE CLAIMS

| | |
|---|---|
| 60 | Other Expenses. List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. |

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | 0 |
| b. | | 0 |
| c. | | 0 |
| | Total: Add Lines a, b, and c | 0 |

## Part VIII: VERIFICATION

| | |
|---|---|
| 61 | I declare under penalty of perjury that the information provided in this statement is true and correct. (If this is a joint case, both debtors must sign.) |

Date: _____12/26/08_____   Signature: _Derek Ramirez_

Date: _____   Signature: _____

Name Derek Ramirez

Address 9019 Baring Cross Street

Los Angeles CA 90044

Telephone _____ (FAX) _____

Email Address _____

☐ Attorney for Debtor
State Bar No. _____

☒ Debtor in Pro Se   (Any reference to the singular shall include the plural in the case of joint debtors.)

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| List all names (including trade names) used by the debtor within the last 8 years:<br><br>Derek Ramirez | Chapter 13 Case No.:<br><br>**CHAPTER 13 PLAN**<br><br>**CREDITOR'S MEETING:**<br>**Date:**<br>**Time:**<br>**Place:**<br><br>**CONFIRMATION HEARING:**<br>**Date:**<br>**Time:**<br>**Place:** |
|---|---|

### NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. §1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 8 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan.  Any ongoing obligation will be paid according to the terms of the Plan.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised November 2006

F 3015-1.1

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

**I.   PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE**

The Debtor submits the following to the supervision and control of the Chapter 13 Trustee:

A.   Payments by Debtor of $ 3,252.83          per month for 60      months. This monthly Plan Payment will begin within 30 days of the date the petition was filed.

B.   The base plan amount is $_____ which is estimated to pay _____% of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the Chapter 13 Trustee may increase the percentage to be paid to creditors accordingly.

C.   Amounts necessary for the payment of post petition claims allowed under 11 U.S.C. §1305.

D.   Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
|  |  |  | $ |
|  |  |  | $ |
|  |  |  | $ |

Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The Chapter 13 Trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

E.   Other property: _____
                     (specify property or indicate none)

**II.   ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**
Except as otherwise provided in the Plan or by court order, the Chapter 13 Trustee shall disburse all available funds for the payment of claims as follows:

A.   ORDER OF PAYMENTS:

1.   If there are Domestic Support Obligations, the order of priority shall be:

(a)   Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date;

(b)   Administrative expenses (Class 1(a)) in an amount not exceeding _____% of each Plan Payment until paid in full;

**F 3015-1.1**

2. If there are no Domestic Support Obligations, the order of priority shall be the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses ( Class 1(a)) in an amount not exceeding _____ % of each Plan Payment until paid in full.

3. Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the Chapter 13 Trustee from the Plan Payment; such secured debt may be paid by the Chapter 13 Trustee commencing with the inception of Plan Payments.

4. Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

5. No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

B. CLASSIFICATION AND TREATMENT OF CLAIMS:

| CLASS 1 | | | | |
|---|---|---|---|---|
| ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507 | | | | |
| The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4). | | | | |
| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| a. Administrative Expenses | | | | | |
| (1)  Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | | | |
| (2)  Attorney's Fees | $ | | $ | | $ |
| (3)  Chapter 7 Trustee's Fees (Specify Trustee Name) | $ | | $ | | $ |
| (4)  Other | $ | | $ | | $ |
| b. Other Priority Claims | | | | | |
| (1)  Internal Revenue Service | $ | % | $ | | $ |
| (2)  Franchise Tax Board | $ | % | $ | | $ |
| (3)  Domestic Support Obligation | $ | % | $ | | $ |
| (4)  Other | $ | % | $ | | $ |
| c. Domestic Support Obligations that are not to be paid in full in the Plan (Specify Creditor Name): | | | | | |
| | $ | % | $ | | $ |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised November 2006

F 3015-1.1

Chapter 13 Plan (Rev. 11/06) - Page 4

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE

1. ☒  The post-confirmation monthly mortgage payment will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☐  The post-confirmation monthly mortgage payment will be made by the Debtor directly to:

| _____ | _____ |
|---|---|
| (name of creditor) | (last 4 digits of account number) |
| _____ | _____ |
| (name of creditor) | (last 4 digits of account number ) |

**The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.**

| Name of Creditor | Last Four Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| TD Service Company | 1229 | $ 343.48 | % 11 | $ 2,587.00 | 60 | $ 2,930.48 |
| | | $ | % | $ | | $ |

## CLASS 3

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN

| Name of Creditor | Last Four Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| | | $ | $ | % | $ | | $ |
| | | $ | $ | % | $ | | $ |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised November 2006

F 3015-1.1

## CLASS 4

### OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE

1.  ☐ The post-confirmation monthly payment pursuant to the promissory note will be made by the Chapter 13 Trustee from the Plan Payment to:

2.  ☐ The post-confirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

_____          _____
(name of creditor)                                                      (last 4 digits of account number)

_____          _____
(name of creditor)                                                      (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.**

| Name of Creditor | Last Four Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | $ | % | $ | | $ |
| | | $ | % | $ | | $ |

## CLASS 5
### NON-PRIORITY UNSECURED CLAIMS

The Debtor estimates that non-priority unsecured claims total the sum of $_____.

Class 5 claims will be paid as follows:

(Check one box only.)

☐ Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.

OR

☐ Class 5 claims will be divided into subclasses as shown on the attached exhibit (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

## III.   COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $_____ which is estimated to pay _____% of the scheduled nonpriority unsecured debt.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised November 2006*                                                                                              **F 3015-1.1**

Chapter 13 Plan (Rev. 11/06) - Page 6                                    2006 USBC, Central District of California

## IV.  PLAN ANALYSIS

| | |
|---|---|
| **CLASS 1a** | $ 0.00 |
| **CLASS 1b** | $ 0.00 |
| **CLASS 1c** | $ 0.00 |
| **CLASS 2** | $ 2,930.48 |
| **CLASS 3** | $ 0.00 |
| **CLASS 4** | $ 0.00 |
| **CLASS 5** | $ 0.00 |
| **SUB-TOTAL** | $ 2,930.48 |
| **CHAPTER 13 TRUSTEE'S FEE (Estimated 11% unless advised otherwise)** | $ 322.35 |
| **TOTAL PAYMENT** | $ 3,252.83 |

## V.  OTHER PROVISIONS

A.  The Debtor rejects the following executory contracts and unexpired leases.

NONE

B.  The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):

NONE

C.  In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:

NONE

D.  The Debtor hereby surrenders the following personal or real property. (Identify property and creditor to which it is surrendered.)

NONE

E.  The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F.  Miscellaneous provisions: (Use Attachment, if necessary)

NONE

G.  The Chapter 13 Trustee is authorized to disburse funds after the date confirmation is announced in open court.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised November 2006*

**F 3015-1.1**

H.   The Debtor will pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities as they come due.

I.   The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

## VI.   REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the Chapter 13 Trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the Local Bankruptcy Rules. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Dated:   12/16/08

IN PRO SE

Attorney for Debtor

Derek Ramirez

Debtor

Joint debtor

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised November 2006

F 3015-1.1

Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number       FOR COURT USE ONLY

Derek Ramirez
9019 Baring Cross Street
Los Angeles CA 90044

☒ Individual appearing without counsel
☐ Attorney for:

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

In re  Derek Ramirez

CHAPTER 13

CASE NO.

Debtor(s).

# Addendum to Chapter 13 Plan Concerning Debtors Who are Repaying Debt Secured by a Mortgage on Real Property or a Lien on Personal Property the Debtor Occupies as the Debtor's Principal Residence

(A)   **Scope: Consumer Debts Secured by a Mortgage on Real Property, or Secured by Manufactured Housing that the Debtor Occupies as the Debtor's Principal Residence**

(1)   For purposes of this Addendum, which is incorporated into the debtor's chapter 13 plan (the "Plan"), the term "Mortgage Creditor" includes all creditors whose claims represent consumer debts secured in whole or in part by a security interest in real property or manufactured housing, which real property or manufactured housing constitutes the debtor's principal residence. The provisions of this Addendum are effective until the earlier of: (a) dismissal of the case; (b) the closing of the case; (c) entry of an order granting the debtor a discharge; and (d) entry of an order terminating the automatic stay under 11 U.S.C. § 362(d) as the stay applies to the Mortgage Creditor.

(2)   Except as provided in paragraphs (3) and (4) below, if the Mortgage Creditor provided monthly statements to the debtor pre-petition, the Mortgage Creditor must provide monthly statements to the debtor. The monthly statements must contain at least the following information concerning post-petition mortgage payments to be made outside the Plan:

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

March 2008

**F 3015-1.1A**

Addendum to Chapter 13 Plan Concerning Debtors Who are Repaying Debt Secured by a Mortgage
on Real Property or a Lien on Personal Property the Debtor Occupies as the Debtor's Principal Residence - *Page 2 of 5*

In re  Derek Ramirez                                                        CHAPTER 13

                                              Debtor(s).    CASE NUMBER


    (a)    The date of the statement and the date the next payment is due;

    (b)    The amount of the current monthly payment;

    (c)    The portion of the payment attributable to escrow, if any;

    (d)    The post-petition amount past due, if any, and from what date;

    (e)    Any outstanding post-petition late charges;

    (f)    The amount and date of receipt of all payments received since the date of the last statement;

    (g)    A telephone number and contact information that the debtor or the debtor's attorney may use to obtain reasonably prompt information regarding the loan and recent transactions; and

    (h)    The proper payment address.

(3)    No monthly statement will be required in this case where post-petition mortgage payments are to be made to the chapter 13 trustee through the Plan, unless the amount of the monthly payment is scheduled to change (because of adjustable interest rate, charges paid by the Mortgage Creditor for taxes, insurance, attorney's fees or any other expenses or fees charged or incurred by the Mortgage Creditor, such as property inspection fees, servicing fees or appraisal fees). If a Mortgage Creditor does send a monthly statement to the debtor or the chapter 13 trustee and the statement complies with subsection (B)(2) below, the Mortgage Creditor is entitled to the protections set out in such subsection.

(4)    If, pre-petition, the Mortgage Creditor provided the debtor with "coupon books" or some other pre-printed, bundled evidence of payments due, the Mortgage Creditor is not required to provide monthly statements under subsection (2) of this section. However, the Mortgage Creditor must supply the debtor with additional coupon books as needed or requested in writing by the debtor. If a Mortgage Creditor does send a monthly statement to the debtor or the chapter 13 trustee and the statement complies with subsection (B)(2) below, the Mortgage Creditor is entitled to the protections set out in such subsection.

(5)    The Mortgage Creditor must provide the following information to the debtor upon the reasonable written request of the debtor:

    (a)    The principal balance of the loan;

    (b)    The original maturity date;

    (c)    The current interest rate;

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*March 2008*                                                        **F 3015-1.1A**

Addendum to Chapter 13 Plan Concerning Debtors Who are Repaying Debt Secured by a Mortgage
on Real Property or a Lien on Personal Property the Debtor Occupies as the Debtor's Principal Residence - *Page 3 of 5*

In re Derek Ramirez                                                    CHAPTER 13

                                                      Debtor(s).   CASE NUMBER

      (d)    The current escrow balance, if any;

      (e)    The interest paid year to date; and

      (f)    The property taxes paid year to date, if any.

(6)    The Mortgage Creditor must provide the following information to the debtor, the debtor's attorney and, when the debtor is making ongoing mortgage or arrearage payments through the chapter 13 trustee, the chapter 13 trustee, at least quarterly, and upon reasonable written request of the debtor or the chapter 13 trustee: (a) any other amounts due or proposed change in payments arising from an adjustable interest rate, charges paid by the Mortgage Creditor for taxes, insurance, attorney's fees or any other expenses or fees charged or incurred by the Mortgage Creditor, such as property inspection fees, servicing fees or appraisal fees; (b) the nature of the expense or charge; and (c) the date of the payment.

(7)    If the secured consumer debt payable to the Mortgage Creditor is not modified by or paid through the Plan and the Mortgage Creditor believes the debtor to be in default, the Mortgage Creditor must send a letter alleging such default to the debtor and the debtor's attorney upon any perceived or actual default by the debtor and before taking any steps to modify the automatic stay.

(B)    **Form of Communication; Modification of the Automatic Stay; and Motions for Order to Show Cause**

(1)    For the purposes of this Addendum, Mortgage Creditors will be considered to have sent the requisite documents or monthly statements to the debtor or the debtor's attorney, as applicable, when the Mortgage Creditor has placed the required document in any form of communication, which in the usual course would result in the debtor and the debtor's attorney receiving the document, to the address that the debtor and the debtor's attorney last provided to the Court. The form of communication may include, but is not limited to, electronic communication, United States Postal Service or use of a similar commercial communications carrier.

(2)    To the extent that the automatic stay arising in this case would otherwise prohibit such conduct, the automatic stay is modified as follows: Mortgage Creditors who provide account information or monthly statements under subsections (A)(1-6) above will not be found to have violated the automatic stay by doing so, and Mortgage Creditors may contact the debtor about the status of insurance coverage on property that is collateral for the Mortgage Creditor's claim, may respond to inquiries and requests for information about the account from the debtor and may send the debtor statements, payment coupons or other correspondence that the Mortgage Creditor sends to its non-debtor customers, without violating the automatic stay. In order for communication to be protected under this provision, the communication must indicate it is provided for information purposes and does not constitute demand for payment.

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*March 2008*

**F 3015-1.1A**

Addendum to Chapter 13 Plan Concerning Debtors Who are Repaying Debt Secured by a Mortgage
on Real Property or a Lien on Personal Property the Debtor Occupies as the Debtor's Principal Residence - *Page 4 of 5*

In re Derek Ramirez                                                    CHAPTER 13

                                                Debtor(s).   CASE NUMBER

(3)   As a result of a Mortgage Creditor's alleged non-compliance with this Addendum, the debtor may
      file a Motion for Order to Show Cause in compliance with Local Bankruptcy Rule 9020-1 no earlier
      than sixty days after the Mortgage Creditor's failure to comply with sections (A) or (B). Before filing
      the motion, the debtor must make good faith attempts in writing to contact the Mortgage Creditor
      and to determine the cause of any non-compliance, and must indicate in the Motion for Order to
      Show Cause the good faith steps taken, together with a summary description of any response
      provided by the Mortgage Creditor.

(4)   If a Mortgage Creditor's regular billing system can provide a statement to the debtor that
      substantially complies with this Addendum, but does not fully conform to all of its requirements, the
      Mortgage Creditor may request that the debtor accept such statement. If the debtor declines to
      accept the non-conforming statement, a Mortgage Creditor may file a motion, on notice to the
      debtor, the debtor's attorney and the chapter 13 trustee, seeking a declaration of the Court that
      cause exists to allow such non-conforming statements to satisfy the Mortgage Creditor's obligations
      under this Addendum. For good cause shown, the Court may grant a waiver for purposes of this
      case and for either a limited or unlimited period of time.

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*March 2008*                                                    **F 3015-1.1A**

Addendum to Chapter 13 Plan Concerning Debtors Who are Repaying Debt Secured by a Mortgage
on Real Property or a Lien on Personal Property the Debtor Occupies as the Debtor's Principal Residence - *Page 5 of 5*

In re  Derek Ramirez

CHAPTER 13

Debtor(s).    CASE NUMBER

# Instructions for Attaching

## Addendum to Chapter 13 Plan Concerning Debtors who are Repaying Debt Secured by a Mortgage on Real Property or a Lien on Personal Property the Debtor Occupies as the Debtor's Principal Residence

This optional addendum concerns chapter 13 debtors who are repaying debt secured by a mortgage on real property or a lien on personal property the debtor occupies as the debtor's principal residence.

A chapter 13 debtor may attach this addendum to his/her chapter 13 plan. This is a court-approved form and may not be altered, except for interlineations clearly marked on the court-approved form which are subject to the Court's review and approval upon consideration of the plan for confirmation. When attaching this form to the chapter 13 plan form (F 3015-1.1), the debtor must indicate in section V.F. (Page 6) of the chapter 13 plan form that the "Addendum to Chapter 13 Plan (F 3015-1.1A) is attached."

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*March 2008*

F 3015-1.1A

# UNITED STATES BANKRUPTCY COURT
## Central District of California, Los Angeles Division

In Re: _____ Derek Ramirez _____       Case No. _____

                    **Debtor**                                           (if known)


## VERIFICATION OF CREDITOR MATRIX

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under

penalty of perjury that the attached Master Mailing List of creditors, consisting of  sheet(s) is

complete, correct and consistent with the debtor's schedules pursuant to Local Bankruptcy

Rules and I/we assume all responsibility for errors and omissions.


_____ *12/26/08* _____                             _____
        Date                                                **Signature of Attorney**


_____ *Derek Ramirez* _____                        _____
    **Derek Ramirez**                                     **Signature of Joint Debtor**


_____
    **Signature of Authorized Individual**

Derek Ramirez
9019 Baring Cross Street
Los Angeles CA 90044


Nancy Curry
Chapter 13 Trustee
606 S Olive Street Suite 1850
Los Angeles CA 90014

US Trustee
725 S Figueroa Street 26th Floor
Los Angeles CA 90017

Deutsche Bank National Trust Company
1820 E First Street Suite 210
Santa Ana CA 92705

T D Service Company
1820 E First Street Suite 210
Santa Ana CA 92705
1044501229
TS D 355256 CA